IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 14-cv-02261-LTB

DENNIS KEITH PARKS,

       Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

       Defendant.
_____

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**
_____

       This matter is before me on Defendant Acting Commissioner of Social Security Carolyn W. Colvin's ("SSA") Motion to Dismiss [Doc. # 25], in which SSA seeks dismissal of Plaintiff Dennis Keith Parks' amended complaint [Doc. # 5] for lack of subject matter jurisdiction. For the following reasons, I **GRANT** the motion.

### I. Background

       On August 13, 2014, Mr. Parks, who is proceeding *pro se*, filed his complaint. Doc. # 1. Mr. Parks alleged that "SSI benefits are owed from the years 2002-2009." Doc. # 1 at 2. On September 3, 2014, the Court ordered him to file an amended complaint because his complaint "failed to name the parties in the caption . . . provide a short and plain statement of his claims showing that [he] is entitled to relief, or state a claim for relief." Doc. # 4 at 2 (citing Fed. R. Civ. P. 8). The Court recognized, however, that Mr. Parks appeared to seek "judicial review of a final decision denying his Social Security administrative claim for supplemental security income" ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq. See id.* at

1-2. The Court directed Mr. Parks to, *inter alia*, "allege the reason his administrative claim was denied and why he believes the decision was erroneous" and "[i]f available, . . . attach to his amended [c]omplaint a full copy of the administrative law judge's decision or decisions denying" his SSI claim. *Id.* at 3. Although he did not attach such a decision to his original complaint, he did attach a portion of an October 9, 2012 decision by an administrative law judge ("ALJ") denying him a different kind of benefits under the Social Security Act: disability insurance benefits ("DIB") under Title II of the Act, 42 U.S.C. § 401, *et seq*. Doc. # 1 at 7.

On September 3, 2014, Mr. Parks filed his amended complaint. As before, Mr. Parks alleges that he is seeking SSI from 2002 to 2009 but does not attach any decision by an ALJ denying him those benefits. Doc. # 5 at 2-3, 5. On December 17, 2014, the government filed the administrative record ("AR") with the Court. *See* Doc. # 19. The AR does not reflect any decision by an ALJ regarding SSI. It does, however, contain a full version of the October 9, 2012 decision denying DIB; a notice that SSA's Appeals Council denied review of that decision; and a letter from SSA granting Mr. Parks until September 2, 2014 to appeal the decision in federal court. AR 4-5, 7-9, 22-25. On February 5, 2015, SSA filed the instant motion. Mr. Parks filed a response to the motion in which he merely states that he "object[s]" to it. Doc. # 30.

## II. Law

"[W]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court [must] dismiss the action." *Penteco Corp. Partnership--1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (internal quotations and citation omitted). "The party seeking to invoke the jurisdiction of a federal court

must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994). "The facts supporting jurisdiction must be affirmatively alleged." *Id.* A dismissal for lack of subject matter jurisdiction should be without prejudice. *Strozier v. Potter*, 71 F. App'x 802, 803 (10th Cir. 2003) (unpublished).

The Social Security Act provides that a claimant may obtain federal court review of "any final decision of the Commissioner of Social Security" by filing a "civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). Under SSA's regulations, SSA has not made a "final decision" on a claimant's eligibility for benefits until an ALJ has made a decision and the Appeals Council has either granted or denied review of that decision. *See* 20 CFR §§ 404.900, 416.1400; *see also Sims v. Apfel*, 530 U.S. 103, 107 (2000); *Bartlett v. Schweiker*, 719 F.2d 1059, 1061 (10th Cir. 1983).

### III. Analysis

Mr. Parks appears to assert two potential claims: one for review of the ALJ's October 9, 2012 decision denying him DIB and the other for review of SSA's determinations regarding his entitlement to SSI. SSA argues that the Court does not have subject matter jurisdiction to address either claim. I address jurisdiction with respect to each claim in turn.

**A. Jurisdiction to Review ALJ's October 9, 2012 Decision Denying DIB**

SSA argues that the Court does not have subject matter jurisdiction to review the ALJ's October 9, 2012 decision denying DIB. In that decision, the ALJ noted that Mr. Parks was seeking DIB based on an alleged disability onset date of October 1, 1998. AR 22. The ALJ noted that, based on his earnings record, Mr. Parks remained insured through March 31, 2004,

and was therefore required to establish disability on or before that date to be entitled to DIB. *Id.* The ALJ concluded that *res judicata* required her to find that Mr. Parks was not disabled, and therefore not entitled to DIB, because a different ALJ concluded in 2010 that Mr. Parks was not disabled based "on the same facts and on the same issue or issues." AR 24-25 (citing 20 C.F.R. § 404.957(c)(1)). Indeed, that proceeding involved the same alleged onset and last-insured dates. Doc. # 26-1 at 25, 27. The ALJ also considered whether there was "good cause" under SSA's regulations to reopen the prior decision and concluded that there was not. *See* AR 25 (finding no "new and material evidence," "clerical error in the computation or re-computation of benefits," or "error on the face of the evidence on which [the prior] decision was based").

A district court "does not have jurisdiction to review the Secretary's discretionary decision not to reopen an earlier adjudication" absent a "colorable constitutional claim." *Nelson v. Sec'y of Health & Human Servs.*, 927 F.2d 1109, 1111 (10th Cir. 1990) (internal quotations and citation omitted); *Brown v. Sullivan,* 912 F.2d 1194, 1196 (10th Cir. 1990) ("Neither the district court nor this court has jurisdiction to review the Secretary's refusal to reopen a claim for disability benefits or determination such claim is *res judicata*."). This is because "[t]he Secretary's decision not to reopen a previously adjudicated claim for benefits is discretionary and, therefore, is not a final decision reviewable under 42 U.S.C. § 405(g)." *Brown*, 912 F.2d at 1196. If judicial review were available, a claimant could circumvent Section 405(g)'s 60-day time limit "simply by filing and being denied a petition to reopen his claim." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). The ALJ's October 9, 2012 decision is based solely on *res judicata* and a conclusion that there was no good cause to reopen Mr. Parks' prior DIB claim. Therefore, the Court has no jurisdiction to review that decision unless Mr. Parks has alleged a

4

colorable constitutional claim.

Mr. Parks alleges that "Social Security and Social Services both knew that I was disabled from 2002-2009 and completely denied access to the Federal appointed health clinic the entire period of stated time and left [me] injured and hurt while letting the civil rights abuse . . . continue and failing to provide any help only to inflict more contin[uous] harm to me with the full knowledge of my illnesses and access problem encounter [sic]." Doc. # 5 at 3. This allegation does not make out a colorable constitutional claim in connection with the ALJ's October 9, 2012 decision. For one thing, the allegation expressly relates to the 2002 to 2009 time period, so it cannot confer jurisdiction over a decision made in 2012. *See Cherry v. Heckler,* 760 F.2d 1186, 1190 n. 4 (11th Cir. 1985) ("The constitutional issue must concern the proceeding at which the decision not to reopen was made."). For another, the alleged civil rights abuse appears to relate to events that occurred at a health clinic in Pueblo, Colorado, and not to the proceedings before SSA that led to the ALJ's decision in 2012. *Id.*; *see also* Doc. # 5 at 1 (noting "refus[al] to provide primary paper orders for hospital medical tests for records and refus[al] to accept the medical pay vouchers provided by Social Services"); *id.* at 2 (noting the "refus[al] to accept me and the medical pay voucher cards [that] was reported by me to Social Security").

In addition, the allegation of civil rights abuse does not satisfy the pleading requirements of Federal Rule of Civil Procedure 8, an issue the Court highlighted in its prior order. *See* Doc. # 4 at 2. Mr. Parks is proceeding without counsel, so I construe his pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). I cannot act as his advocate, however. *Id.* And his vague reference to civil rights abuse simply does not "give [the] opposing part[y] fair

notice of the basis of the claim against [it] so that [it] may respond to the complaint." *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Assn. of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989) (internal quotations and citation omitted).  It certainly does not allow the Court to "conclude, if the allegations are proved, that the claimant has a legal right to relief." *Id.*  In any event, the record does not suggest any violation of Mr. Parks' constitutional rights.  For example, there is no indication that Mr. Parks received anything other than the "full and fair hearing" guaranteed him by the due process clause.  *See Duncan v. Colvin*, 608 F. App'x 566, 570 (10th Cir. 2015) (unpublished); *Richardson v. Perales*, 402 U.S. 389, 412 (1971).  Indeed, as noted, after applying *res judicata*, the ALJ took the additional step of considering whether there was good cause under agency regulations to reopen the 2010 decision, providing Mr. Parks even more process than he apparently requested.  Accordingly, no colorable constitutional claim has been alleged in connection with the ALJ's October 9, 2012 decision.  The Court is therefore without jurisdiction to review that decision.

**B.  Jurisdiction to Determine Mr. Parks' Entitlement to SSI From 2002 to 2009**

As noted, in the amended complaint, Mr. Parks seeks SSI from 2002 to 2009.  However, there is no indication in the amended complaint or anything else in the record that SSA has rendered a final decision on his entitlement to SSI with respect to this period.  The only relevant document in the record is an initial-level determination, dated September 17, 2009, which granted Mr. Parks SSI, but effective only as of March 24, 2009.  Doc. # 26-1 at 10-21.  In addition, SSA states in a footnote that Mr. Parks "applied for . . . SSI in August 2002 and that application was denied at the initial level in October 2002."  Mot. at 4 n.7 [Doc. # 25].

There is nothing in the record to suggest that Mr. Parks followed SSA's procedures for

obtaining further review of these determinations: requesting reconsideration, then a hearing before an ALJ, and then review by the Appeals Council.  *See* 20 C.F.R. § 416.1400(a)(5) (explaining that claimant must "have completed the steps of the administrative review process listed in . . . this section" before SSA "will have made [its] final decision").  Thus, Mr. Parks did not obtain a "final decision" from SSA such that this Court could exercise jurisdiction under Section 405(g).  *See Sims*, 530 U.S. at 107; *Bartlett*, 719 F.2d at 1061.  Even if SSA had reached a final decision, the 60-day period for seeking review under Section 405(g) would have elapsed by now.  Accordingly, I see nothing that would permit the Court to exercise jurisdiction over any matters relating to Mr. Parks' entitlement to SSI.

### IV.  Conclusion

SSA's motion [Doc. # 25] is **GRANTED** and Mr. Parks' amended complaint [Doc. # 5] is **DISMISSED WITHOUT PREJUDICE**.

DATED: November   25  , 2015, at Denver, Colorado.

                                      BY THE COURT:

                                        s/Lewis T. Babcock
                                      LEWIS T. BABCOCK, JUDGE